UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

SUSAN SU,

           Petitioner,

   v.

UNITED STATES OF AMERICA,

           Respondent.

Case No. C21-1293-JLR-SKV

REPORT AND RECOMMENDATION

I.    INTRODUCTION

Petitioner Susan Su is a federal prisoner who is currently confined at the Federal Detention Center in SeaTac, Washington. She presents to this Court for consideration a petition for writ of habeas corpus under 28 U.S.C. § 2241, challenging the legality of her 2014 conviction in the United States District Court for the Northern District of California on charges of mail and wire fraud, conspiracy to commit visa fraud, visa fraud, use of a false document and false statements, alien harboring, unauthorized use of a government computer, and money laundering. *See* Dkt. 1. This Court, having reviewed the petition, recommends that this matter be dismissed.

/ / /

/ / /

REPORT AND RECOMMENDATION - 1

II.   BACKGROUND

On March 24, 2014, Petitioner was convicted of the aforementioned offenses in federal district court in the Northern District of California. *United States of America v. Susan Xiao-Ping Su*, Northern District of California, Case No. 11-cr-00288-JST (hereinafter "NDCA Case"), Dkt. 119. She subsequently filed motions for a judgment of acquittal and new trial, *id.* at Dkts. 166 & 167, which the court denied on October 31, 2014, sentencing her to 198 months' imprisonment. *Id.* at Dkt. 203. On December 7, 2015, Petitioner's judgment was affirmed on direct appeal to the Ninth Circuit. *United States v. Su*, 633 Fed. Appx. 635 (9th Cir. 2015). The U.S. Supreme Court declined to review her case on May 16, 2016. *Su v. United States*, 136 S. Ct. 2043 (2016).

On May 15, 2017, Petitioner filed a motion to vacate her sentence under 28 U.S.C. § 2255 in the federal district court in the Northern District of California, claiming her conduct did not violate the law. NDCA Case, Dkt. 235. The sentencing court denied the motion on May 18, 2018, finding that all of Petitioner's claims were either procedurally barred or non-reviewable. *Id.* at Dkt. 262. The court also declined to issue a certificate of appealability. *Id.* at Dkt. 266. Petitioner subsequently filed a motion for reconsideration, *id.* at Dkts. 269 & 271, which the court denied on March 20, 2019. *Id.* at Dkt. 292.

On July 24, 2020, Petitioner filed a petition to vacate her sentence under 28 U.S.C. § 2241 in the federal district court in the Northern District of California, claiming she was actually and factually innocent of the crimes for which she was convicted and that § 2255 was "inadequate and ineffective" for her actual and factual innocence claims. NDCA Case, Dkt. 326. On September 21, 2020, the sentencing court denied the petition on the ground that it had already rejected Petitioner's actual and factual innocence claims in ruling on her § 2255 motion and subsequent motion for reconsideration, and she had not alleged that the legal basis for her new

claims of actual and factual innocence arose after these orders or that the law had changed in any relevant way. *Id.* at Dkt. 330. The court also declined to issue a certificate of appealability. *Id.* at Dkt. 339.

Petitioner now petitions this Court to vacate her sentence under § 2241. Dkt. 1. Petitioner again asserts actual and factual innocence, alleging her claims are not cognizable under § 2255. *Id.* at 3–6.

III. DISCUSSION

A district court shall "award the writ [of habeas corpus] or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. "Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory or palpably incredible, or patently frivolous or false." *Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990) (internal quotation marks, alteration marks, and citations omitted); *see also Oliver v. Mulisnic*, No. CV 19-7421-AB (JPR), 2019 WL 5420280, at *2 (C.D. Cal. Oct. 21, 2019) (applying *Hendricks* to § 2241 petition).

"In general, § 2255 provides the exclusive procedural mechanism by which a federal prisoner may test the legality of his detention." *Ivy v. Pontesso*, 328 F.3d 1057, 1059 (9th Cir. 2003) (quoting *Lorentsen v. Hood*, 223 F.3d 950, 953 (9th Cir. 2000)). Section 2255 allows a federal prisoner claiming that his sentence was imposed "in violation of the Constitution or laws of the United States" to "move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). By contrast, § 2241 provides an avenue for prisoners to "challenge the manner, location, or conditions of a sentence's execution[.]" *Hernandez v. Campbell*, 204 F.3d 861, 864 (9th Cir. 2000) (citations omitted). A § 2255 motion

REPORT AND RECOMMENDATION - 3

must be heard in the sentencing court, whereas a § 2241 petition must be heard in the custodial court. *Id.* (citations omitted).

Generally, prisoners may file only one § 2255 motion, and only within certain strict time limits. 28 U.S.C. § 2255(f), (h). There is a narrow exception to this general rule, however, which permits a prisoner to proceed under § 2241 if he can show that the remedy available under § 2255 is "inadequate or ineffective to test the validity of his detention." *See* 28 U.S.C. § 2255(e); *Ivy*, 328 F.3d at 1059. "A remedy is not inadequate or ineffective under section 2255 merely because the sentencing court denied relief on the merits." *Tripati v. Henman*, 843 F.2d 1160, 1162 (9th Cir. 1988) (citations omitted). Likewise, relief under § 2255 is not "inadequate or ineffective" merely because § 2255's gatekeeping provisions prevent a prisoner from filing a second or successive motion in the sentencing court. *Ivy*, 328 F.3d at 1059 (citing *Lorentsen*, 223 F.3d at 953).

In order to challenge a conviction or sentence under § 2241 on the grounds that the remedy available under § 2255 is "inadequate or ineffective," a petitioner must demonstrate that he: "(1) [is] factually innocent of the crime for which he has been convicted; and (2) has never had an 'unobstructed procedural shot' at presenting this claim." *Ivy*, 328 F.3d at 1059–60 (citations omitted). When determining whether a petitioner has had an unobstructed procedural shot to pursue his claim, the court considers: "(1) whether the legal basis for petitioner's claim 'did not arise until after he had exhausted his direct appeal and first § 2255 motion;' and (2) whether the law changed 'in any way relevant' to petitioner's claim after that first § 2255 motion." *Harrison v. Ollison*, 519 F.3d 952, 960 (9th Cir. 2008) (quoting *Ivy*, 328 F.3d at 1060–61).

REPORT AND RECOMMENDATION - 4

      Petitioner raised actual and factual innocence arguments in her direct appeal, § 2255 motion, and her motion for reconsideration of the sentencing court's order denying her § 2255 motion. *See Su*, 633 F. App'x at 637; NDCA Case, Dkt. 262 at 3–4, 6; Dkt. 292 at 8–9. She likewise raised actual and factual innocence arguments in her previously unsuccessful § 2241 petition. NDCA Case, Dkt. 326 at 6–8. Here, as before, Petitioner does not claim that the legal basis for her new claims of actual and factual innocence arose after the Ninth Circuit's and U.S. Supreme Court's denial of her direct appeal or the sentencing court's orders denying her habeas relief, or that the law has changed in any relevant way.[1] *See* Dkt. 1 at 3–6. Accordingly, she has not alleged that she has not had "an unobstructed procedural shot" at pursuing her claims, and the Court finds her petition "palpably incredible, or patently frivolous or false." *Hendricks*, 908 F.2d at 491.

## IV.    CONCLUSION

      Based on the foregoing, this Court recommends that Petitioner's § 2241 petition be dismissed with prejudice. A proposed order accompanies this Report and Recommendation.

///

///

///

///

///

///

---

[1] On October 8, 2021, Petitioner filed a lengthy memorandum in support of her § 2241 petition. Dkt. 4. She alleges § 2255 is "inadequate and ineffective" to test the validity of her conviction because freestanding actual and factual innocence and insufficiency of the evidence claims are not cognizable under § 2255. *Id.* at 6–7. In ruling on Petitioner's § 2255 motion, however, the sentencing court assumed that such claims are cognizable under § 2255, and rejected Petitioner's claims of actual and factual innocence on the merits. NDCA Case, Dkt. 292 at 8–9, n. 8. Petitioner's arguments fail.

REPORT AND RECOMMENDATION - 5

V.  OBJECTIONS

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit within **twenty-one (21) days** of the date on which this Report and Recommendation is signed.  Failure to file objections within the specified time may affect your right to appeal.  Objections should be noted for consideration on the District Judge's motions calendar for the third Friday after they are filed.  Responses to objections may be filed within **fourteen (14)** days after service of objections.  If no timely objections are filed, the matter will be ready for consideration by the District Judge on **November 5, 2021**.

Dated this 15th day of October, 2021.

S. KATE VAUGHAN
United States Magistrate Judge