1
2
3
4
5
6

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| SUSAN SU, | CASE NO. C21-1293JLR |
|---|---|
| Petitioner, | ORDER |
| v. | |
| UNITED STATES OF AMERICA, | |
| Respondent. | |

## I.  INTRODUCTION

This matter comes before the court on the report and recommendation of Magistrate Judge S. Kate Vaughan (R&R (Dkt. # 5)), *pro se* Petitioner Susan Su's objections thereto (Obj. (Dkt. # 8)), and Respondent the United States of America's ("the Government") response to Ms. Su's objections (Resp. (Dkt. # 10)). Ms. Su filed the instant habeas petition pursuant to 28 U.S.C. § 2241. (Pet. (Dkt. # 1).)  In the petition, Ms. Su asks the court to vacate her sentence because she is actually and factually innocent of the crimes for which she was convicted and a 28 U.S.C. § 2255 motion is

"inadequate and ineffective" to address her freestanding innocence claims. (*See id.* at 3-6.) Magistrate Judge Vaughan recommends that Ms. Su's petition be dismissed. (*See generally* R&R.) Having carefully reviewed all of the foregoing, along with all other relevant documents, and the governing law, the court ADOPTS the report and recommendation and DENIES and DISMISSES Ms. Su's § 2241 petition with prejudice.

A district court has jurisdiction to review a Magistrate Judge's report and recommendation on dispositive matters. Fed. R. Civ. P. 72(b). "The statute makes it clear that the district judge must review the magistrate judge's findings and recommendations de novo if objection is made, but not otherwise." *Id.* "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). The court reviews de novo those portions of the report and recommendation to which specific written objection is made. *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc). "The statute makes it clear that the district judge must review the magistrate judge's findings and recommendations de novo if objection is made, but not otherwise." *Id.* Because Ms. Su is proceeding *pro se*, the court must interpret her petition and objections liberally. *See Bernhardt v. Los Angeles Cnty.*, 339 F.3d 920, 925 (9th Cir. 2003).

Magistrate Judge Vaughan recommends that the court dismiss Ms. Su's § 2241 petition with prejudice because Ms. Su "has not alleged that she has not had 'an unobstructed procedural shot' at pursuing her claims" and "her petition [is] 'palpably incredible, or patently frivolous or false.'" (*See* R&R at 5 (first quoting *Ivy v. Pontesso*, 328 F.3d 1057, 1059-60 (9th Cir. 2003); and then quoting *Hendricks v. Vasquez*, 908

1  F.2d 490, 491 (9th Cir. 1990)).)  In support of her recommendation, Magistrate Judge
2  Vaughan notes that Ms. Su raised actual and factual innocence arguments in her direct
3  appeal, her § 2255 motion, her motion for reconsideration of the sentencing court's order
4  denying her § 2255 motion, and in her previous § 2241 petition.  (*See id.* (citing *United*
5  *States v. Su*, 633 F. App'x 635 (9th Cir. 2015); *Su v. United States*, 136 S. Ct. 2043
6  (2016); *United States v. Su*, N.D. Cal. Case No. CR11-0288JST (Dkts. # 235, 262, 267,
7  271, 292, 326, 330).)  Moreover, Magistrate Judge Vaughan states that Ms. Su's petition,
8  like her previous filings, "does not claim that the legal basis for her new claims of actual
9  and factual innocence arose after the Ninth Circuit's and U.S. Supreme Court's denial of
10 her direct appeal or the sentencing court's orders denying her habeas relief, or that the
11 law has changed in any relevant way."  (*See id.* at 5 & n.1 (noting that the sentencing
12 court assumed that her freestanding factual and actual innocence claims were cognizable
13 under § 2255 and rejected her claims on the merits in its orders ruling on her § 2255
14 motion (citing 3/20/19 Order (N.D. Cal. Case No. CR11-0288JST (Dkt. # 292)))); Pet. at
15 3-6.)[1]

---

[1] While Magistrate Judge Vaughan did not rely on the sentencing court's denial of Ms. Su's previous § 2241 petition in her report and recommendation, both Ms. Su and the Government address that denial in relation to the principle of res judicata in their pleadings.  (*See* Obj. at 2 (alleging that "the principle of res judicata is inapplicable in habeas corpus proceedings"); Resp. at 3-4 (noting that the Ninth Circuit has concluded that "collateral estoppel prevents [the petitioner] from relitigating the issue of whether [they] may file a 28 U.S.C. § 2241 petition under the 'escape hatch' of 28 U.S.C. § 2255" (citing *Fairly v. United States*, 373 F. App'x 700, 701 (9th Cir. 2010))).)  The court finds it unnecessary to address the merits of this issue because Magistrate Judge Vaughan did not apply the principles of res judicata or collateral estoppel in recommending that the court deny Ms. Su's petition.  (*See generally* R&R.)

Ms. Su timely filed her objections to Magistrate Judge Vaughan's report and recommendation. (*See* Obj.; Min. Order. (Dkt. # 9).) She contends that her petition should not be dismissed because she has shown that a § 2255 motion is "inadequate or ineffective" to challenge the validity of her detention.[2] (*See* Obj. at 1-2.) In support of this argument, she claims that freestanding actual and factual innocence claims are not cognizable in § 2255 motions under "Supreme Court and Circuit case laws" and that she has not had "an unobstructed procedural shot" at pursuing her freestanding innocence claims because the sentencing court only considered her actual and factual innocence claims in analyzing procedural default. (*See id.* at 1-2 (alleging that the court did not review her freestanding innocence claims). *Compare id.*, *with* R&R at 5 n.1.) Ms. Su also argues that her claims are not frivolous and summary dismissal is inappropriate because she set forth her claims for relief with specificity and included relevant citations to the record. (*See* Obj. at 2.)[3]

In its response to Ms. Su's objections, the Government recommends that the court overrule Ms. Su's objections because she can only bring a § 2241 petition if the remedy available to her under § 2255 is "inadequate or ineffective," and she has "not come close

---

[2] Alternatively, Ms. Su alleges that the requirement of establishing that a § 2255 motion is "inadequate and ineffective" should not apply to this case. (*See* Obj. at 1.) This argument, however, essentially reiterates an argument that Ms. Su made in her petition. (*See* Pet. at 6.) As Magistrate Judge Vaughan and the Government correctly note, the general rule is that a § 2255 motion is the "exclusive means" by which a federal prisoner may test the legality of one's detention unless a remedy is inadequate or ineffective under § 2255. (*See* Resp. at 1-3; R&R at 3-5.) Accordingly, the court agrees with the standards Magistrate Judge Vaughan applied in analyzing Ms. Su's claims.

[3] Regarding her previous § 2241 petition, Ms. Su notes that the "principle of res judicata is inapplicable in [a] habeas corpus proceeding[]." (*See* Obj. at 2.)

ORDER - 4

to making this showing." (*See* Resp. at 1.) It claims that § 2255 is not "inadequate and ineffective" to raise her freestanding innocence claims because, contrary to Ms. Su's assertions, neither the Supreme Court nor the Ninth Circuit precedent forecloses her from raising actual innocence claims in a § 2255 motion. (*See id.* at 2-3 (citing *United States v. Berry*, 624 F.3d 1031, 1038 n.5 (9th Cir. 2010); *Jones v. Taylor*, 763 F.3d 1242, 1246 (9th Cir. 2014); *Dist. Att'y's Off. for Third Jud. Dist. v. Osborne*, 557 U.S. 52, 71 (2009)).) Finally, the Government notes that Ms. Su already had an "unobstructed procedural shot" at presenting her freestanding innocence claims because: (1) "she raised actual and factual innocence arguments in her direct appeal, her § 2255 motion, her motion for reconsideration of the sentencing court's order denying her § 2225 motion, and in her previously unsuccessful § 2241 petition in the Northern District of California"; and (2) "the sentencing court assumed that her freestanding actual and factual innocence and insufficiency of the evidence claims were cognizable in a motion under § 2255 and then rejected them on the merits." (*See id.* at 3.)

    The court agrees, and it adopts Magistrate Judge Vaughan's recommendation. The court has reviewed Ms. Su's objections and concludes that none of them raise meritorious issues justifying habeas relief. Ms. Su's objections essentially reiterate her arguments from previous filings and do not raise any novel issues that were not addressed by Magistrate Judge Vaughan's report and recommendation. Moreover, the court has thoroughly examined the record before it and finds Magistrate Judge Vaughan's reasoning persuasive in light of that record. The court independently finds (1) that Ms. Su fails to demonstrate that she has not had "an unobstructed procedural shot" at pursuing

her claims and (2) that her petition is "palpably incredible, or patently frivolous or false" for the same reasons set forth by Magistrate Judge Vaughan in her report and recommendation. The court OVERRULES Ms. Su's objections and ADOPTS the report and recommendation in its entirety.

The court further DENIES Ms. Su a certificate of appealability. When a district court enters a final order adverse to the applicant in a habeas proceeding, it must either issue or deny a certificate of appealability, which is required to appeal a final order in a habeas proceeding. 28 U.S.C. § 2253(c)(1)(A). A certificate of appealability is appropriate only where the petitioner makes "a substantial showing of the denial of a constitutional right." *Miller–El v. Cockrell*, 537 U.S. 322, 336 (2003). Under this standard, the petitioner must demonstrate that reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further. 28 U.S.C. § 2253; *Slack v. McDaniel*, 529 U.S. 473, 474 (2000). Here, the court finds that reasonable jurists could not debate whether the petition should have been resolved differently and therefore DENIES Ms. Su a certificate of appealability.

## II. CONCLUSION

For the reasons stated above, the court:

(1) ADOPTS the report and recommendation (Dkt. # 5) in its entirety;

(2) DENIES Ms. Su's 28 U.S.C. § 2241 petition (Dkt. # 1) and DISMISSES this action with prejudice;

(3) DENIES Ms. Su a certificate of appealability; and

(4) DIRECTS the Clerk to send copies of this order to the parties and to Magistrate Judge Vaughan.

Dated this 18th day of November, 2021.

JAMES L. ROBART
United States District Judge

ORDER - 7